UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00061-GNS-HBB

MATTHEW JACKSON                                                                          PETITIONER

v.

KEVIN GENOVESE, et al.                                                                   RESPONDENTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Objection (DN 24) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 21) relating to Petitioner's Motion for Leave to File Amended Petition for Writ of Habeas Corpus (DN 10) and Respondents' Motion to Dismiss (DN 12), and Petitioner's Motion for Certificate of Appealability (DN 25). The matter is ripe for adjudication. For the reasons that follow, the objection is **OVERRULED**, Respondents' motion is **GRANTED**, and Petitioner's motions are **DENIED**.

### I.   BACKGROUND

In 2003, Petitioner Matthew Jackson ("Jackson") was convicted of three counts of first-degree robbery and three counts of burglary by complicity arising out of robberies of Blockbuster Video stores in Bowling Green, Kentucky. *See Jackson v. Commonwealth*, No. 2018-CA-000653-MR, 2019 WL 6998657, at *1 (Ky. App. Dec. 20, 2019). Jackson was sentenced to a total term of sixty years' imprisonment, and his conviction was affirmed on appeal to the Kentucky Court of Appeals. *See id.* at *1.

On December 4, 2006, Jackson moved for post-conviction relief pursuant to Ky. R. Crim. P. ("RCr") 11.42, which was denied. *See id*. During Jackson's appeal of that ruling, he was represented by the Kentucky Department of Public Advocacy ("DPA"). *See id*. After the attorney from the DPA moved to withdraw, the Kentucky Court of Appeals denied Jackson's request for the appointment of new counsel but allowed him to file a *pro* se brief. *See id*. Rather than file a brief, Jackson moved to dismiss the appeal, which was granted. *See id.*

Jackson subsequently moved for reconsideration of the trial court's denial of his RCr 11.42 motion, which was subsequently denied on May 12, 2008. *See id.* Jackson then moved for post-conviction relief pursuant to Ky. R. Civ. P. ("CR") 60.02, which was denied on November 3, 2008. *See id.* at *2. Represented by the DPA, Jackson appealed that ruling to the Kentucky Court of Appeals but failed to perfect the appeal. *See id.* The Kentucky Court of Appeals granted Jackson's motion to dismiss that appeal. *See id.* When Jackson later moved for a belated appeal, the Kentucky Court of Appeals denied the motion because Jackson was appealing the same prior court order from which he pursued a timely appeal. *See id.*

On June 29, 2015, Jackson moved for post-conviction relief pursuant to RCr 11.42 and CR 60.02, and alternatively requested a writ of habeas corpus pursuant to KRS 419.020. *See id.* On April 9, 2018, the trial court denied those motions. *See id.* After Jackson appealed, the DPA again withdrew, and he proceeded *pro se* in his appeal to the Kentucky Court of Appeals. *See id.* On December 20, 2019, that court affirmed the trial court's rulings denying Jackson's motions. *See id.* at *2-3.

On April 9, 2020, Jackson filed the Petition for Writ of Habeas Corpus in this Court. (Pet., DN 1). After he moved for leave to file an Amended Petition, Respondents moved to

dismiss his Petition as untimely. (Pet'r's Mot. Leave File Am. Pet., DN 10; Resp'ts' Mot. Dismiss, DN 12).

In the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R&R"), the Magistrate Judge concluded that Jackson's Petition was time-barred. (R. & R. 13, DN 21). The Magistrate Judge found that the one-year limitations period in 28 U.S.C. § 2244 began running on November 23, 2005, which was ninety days after the Kentucky Supreme Court's decision affirming his convictions and after the deadline to petition for a writ of certiorari to the U.S. Supreme Court. (R. & R. 7). Accordingly, the limitations period expired on November 23, 2006. (R. & R. 7). Jackson's post-judgment motions and petitions all occurred outside of the limitations period. (R. & R. 7-8).

The Magistrate Judge also considered whether equitable tolling applied. (R. & R. 8-10). The Magistrate Judge concluded that Jackson failed to show that he was diligently pursuing his rights in challenging his conviction or that there were circumstances preventing him from timely pursuing his Petition. (R. & R. 9-10). Accordingly, the Magistrate Judge recommended the dismissal of the Petition and the denial of Jackson's request to file the Amended Petition. (R. &. R. 13).

In his Objection, Jackson asserts that the Magistrate Judge erred in concluding that equitable tolling did not apply. (Pet'r's Obj. 2-14, DN 24). Jackson also moves for a certificate of appealability. (Pet'r's Mot. Certificate Appealability, DN 25).

## II.    JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254(a).

### III. STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a United States magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id*.

### IV. DISCUSSION

#### A. Respondents' Motion to Dismiss

In relevant part, 28 U.S.C. § 2244 provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In the R&R, the Magistrate Judge concluded that the limitations period expired on November 23, 2006, which Jackson has not disputed. (R. & R. 8).

Because the statute of limitations is not jurisdictional, it may be subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010). The doctrine of equitable tolling, however, should be applied "sparingly," and the petitioner "bears the burden of demonstrating

that he is entitled to equitable tolling." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations omitted). A petitioner seeking equitable tolling of the statute of limitations bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[1] *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

As to the diligence prong, the petitioner must show "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation omitted). At first blush, Jackson does not appear to have been diligent as evidenced by the filing of the Petition was more than 13 years after the statute of limitations had run. During that interim period, he filed numerous post-conviction motions in Kentucky courts that were subsequently appealed, which undermines a showing of diligence in pursuing federal habeas relief. Likewise, Jackson's ignorance of the statute of limitations applicable to Section 2254 does not support a finding of diligence and the applicability of equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462-63 (6th Cir. 2012); *Holland*, 560 U.S. at 651-52. Thus, the Court agrees with the Magistrate Judge's conclusion that Jackson has failed to show that he was diligent. (R. & R. 9-10).

---

[1] In his Objection, Jackson relies on the wrong standard for analyzing the applicability of equitable tolling. (Pet'r's Obj. 3). While he relies on *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1998), that case has since been abrogated as recognized in *Patterson v. Lafler*, 455 F. App'x 606 (6th Cir. 2012). As the Sixth Circuit noted:

> [O]ver time we decided that these factors [articulated in *Andrews*] are neither comprehensive nor always relevant; and that each case had to be examined on its own facts. Even more recently, we held both that [the] two-part test [articulated in *Holland v.* Florida, 560 U.S. 631 (2010),] replaced the *Andrews* test, and that meeting all five factors of the *Andrews* test does not necessarily demonstrate the "extraordinary circumstance" that *Holland* requires. Thus, we do not find it necessary to discuss the *Andrews* factors; *Holland* is the relevant test.

*Id.* at 609 n.1 (internal citations omitted). In the R&R, the Magistrate Judge properly relied on and analyzed the *Holland* factors. (R. & R. 8-10).

5

Jackson has also failed to satisfy the extraordinary circumstances prong. As the Supreme Court has noted, "'a garden variety claim of excusable neglect' . . . does not warrant equitable tolling. *Holland*, 560 U.S. at 651-52 (internal citation omitted). While Jackson raises allegations of ineffective trial and appellate counsel, such circumstances are insufficient to satisfy this prong. *See Holland*, 560 U.S. at 651-52.

Contrary to Jackson's contention, the timeliness of his Petition was not raised *sua sponte* by the Magistrate Judge; rather, in response to Respondents' motion to dismiss the Petition as untimely, Jackson specifically asserted that his Petition was timely due to equitable tolling.[2] (Pet'r's Obj. 5; Resp'ts' Reply Mot. Dismiss 3-7, DN 19; Pet'r's Resp. Resp'ts' Mot. Dismiss 1-2, DN 18). Thus, Jackson was given fair opportunity to address the timeliness aspect of his equitable tolling argument.

Jackson also asserts that the limitations period was tolled because he was not in custody apparently because he was extradited back to Tennessee before serving his Kentucky sentence.[3] To address this jurisdictional question, the Court directed Respondents to supplement the record regarding the status of any Kentucky detainer for Jackson. (Order, DN 26). The more recent detainer is dated September 25, 2003, and was lodged with the Tennessee Department of

---

[2] While neither permitted by the Federal Rules of Civil Procedure or the Court's Local Rules, Jackson nevertheless filed a sur-reply in which he again addressed equitable tolling. (Pet'r's Sur-Reply Resp'ts' Mot. Dismiss 2-4, DN 40).

[3] Besides the conviction at issue in the Petition, Jackson engaged in a spree of rapes and robberies in both Kentucky and Tennessee. In Tennessee, Jackson "pleaded guilty to and was convicted of four counts of aggravated robbery on August 10, 2001. Pursuant to his plea agreement, he received four concurrent ten-year sentences." *Jackson v. State*, No. M2003-02057-CCA-R3-CO, 2004 WL 2266800, at *1 (Tenn. Crim. App. Oct. 7, 2004). In another Tennessee criminal case, Jackson pleaded guilty to two counts of aggravated robbery and was sentenced to a term of eight years' imprisonment. *See State v. Jackson*, No. M2005-01374, 2006 WL 1896350, at *1 (Tenn. Crim App. July 7, 2006); *see also id.* ("From the time of his October 9th, 2000, arrest, the Defendant has been in the continuous custody of either Tennessee or Kentucky authorities.").

Corrections on September 29, 2003. (Resp'ts' Notice Compliance 1-2, DN 27; Resp'ts' Notice Compliance Ex., DN 27-1). Thus, Jackson was clearly in custody during the relevant time period.[4]

Jackson also contends that he should have been given a hearing prior to the issuance of the R&R. (Pet'r's Obj. 4, 11-13). While Section 2254(e)(2) allows evidentiary hearings in limited circumstances, it is clear that Jackson's Petition is time-barred based upon the record in this case, and as the Magistrate Judge correctly concluded, equitable tolling does not apply. *See Goff v. Welch*, No. 5:10CV1240, 2011 WL 3840763, at *5 (N.D. Ohio June 1, 2011) (granting Fed. R. Civ. P. 12(b) motion because equitable tolling did not apply and the habeas petition was time-barred). Thus, there is nothing in the record necessitating a hearing to address the pending motions. Accordingly, the Magistrate Judge did not err in recommending the dismissal of the Petition, and Respondents' motion will be granted.

### B. Petitioner's Motion for Leave to File Amended Petition

Because Jackson's Petition was untimely, the filing of the Amended Petition would not cure that defect. Accordingly, the Magistrate Judge did not err in recommending that Jackson's motion be denied.

### C. Petitioner's Motion for Certificate of Appealability

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court established a two-prong test that is used to determine whether a certificate of appealability should be issued when a writ of habeas corpus is denied on procedural grounds. *See id*. at 484-85. To satisfy the test, the petitioner must show that: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it

---

[4] In addition, the timing of the lodging of the detainer does not alter the conclusion that Jackson's federal habeas petition is time barred.

debatable whether the district court was correct in its procedural ruling." *Id*. at 484. Because Jackson's Petition is clearly time-barred and not subject to equitable tolling, no reasonable jurist would find it debatable that this Court's determination was incorrect. Jackson is not entitled to a certificate of appealability, and his motion for a certificate of appealability will be denied.

### V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objection (DN 24) is **OVERRULED**.

2. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 21) is **ADOPTED** as and for the opinion of the Court.

3. Respondents' Motion to Dismiss (DN 12) is **GRANTED**, and Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED** as untimely.

4. Petitioner's Motion for Leave to File Amended Petition for Writ of Habeas Corpus (DN 10) is **DENIED**.

5. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) and Petitioner's Motion for Certificate of Appealability (DN 25) are **DENIED**.

6. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 17, 2021

cc:   counsel of record
      Petitioner, *pro se*